﻿Citation Nr: 19158968
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 14-44 113
DATE: July 30, 2019

REMANDED

Entitlement to service connection for left knee patellofemoral pain syndrome is remanded.

Entitlement to service connection for right knee patellofemoral pain syndrome and osteoarthritis of the right knee is remanded.

Entitlement to service connection for hypertension is remanded.

Entitlement to service connection for hemorrhoids is remanded.

REASONS FOR REMAND

The Veteran had active duty service in from December 1985 to October 1992.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2013 rating decision from a Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ). The rating decision, in pertinent part, denied service connection for a bilateral knee condition, hypertension, and hemorrhoids. The Veteran appealed.

The Board previously remanded these issues to the AOJ in March 2018 for additional development. After development, the AOJ continued to deny the claims for service connection. The case has since returned to the Board for further adjudication.

While the Board regrets this additional delay, unfortunately, the issues must again be remanded.

1. Entitlement to service connection for left knee patellofemoral pain syndrome is remanded.

2. Entitlement to service connection for right knee patellofemoral pain syndrome and osteoarthritis of the right knee is remanded.

The Veteran underwent a VA examination for bilateral knees in March 2019. The examiner diagnosed the Veteran with right knee osteoarthritis based on a 2006 X-ray. The Veteran had X-rays of his knees in March 2019, but the examiner indicated the results were pending at the time of the report. Of record is a radiology report in March 2019 indicating that the X-ray of the right knee revealed no evidence of acute fracture, dislocation, or destructive bony lesion. The joint spaces appeared to measure within normal limits. As the radiology report appears to conflict with the examiner’s diagnosis, it is unclear if the Veteran has a current diagnosis of right knee osteoarthritis, or if he had that diagnosis at any point during the appeal period. Therefore, a remand is necessary for clarification.

In addition, in providing a negative nexus opinion, the examiner noted that the Veteran’s service treatment records (STRs) are silent for any complaints of knee pain during active duty service. However, the examiner did not seem to account for the Veteran’s competent reports of experiencing swollen, painful knees in-service and still having symptoms that persisted. Simply observing that no record indicating treatment for a knee condition is not sufficient for an etiology opinion. 

Moreover, the Board notes that the prior remand specifically directed the examiner to take a detailed history from the Veteran, and “[i]f there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state, with a complete explanation in support of such finding.” As the examiner documented that the Veteran’s report of onset of bilateral knee symptoms in 1989, but did not otherwise comment on it. Therefore, a remand is necessary for an examiner to fully and directly address the Veteran’s contention.

Finally, a Stegall remand is necessary. The examiner was asked to opine as to whether it is at least as likely as not that the Veteran’s left or right knee disability: (1) began during active service; or (2) is related to any in-service event or injury; or (3) for arthritis only, manifested within one year of active duty service. The examiner only answered the second question. There is no opinion provided regarding the onset of a knee disability.

3. Entitlement to service connection for hypertension is remanded.

The Veteran was not afforded a VA examination for his hypertension. He contends that he was diagnosed with hypertension in-service. A review of the STRs shows that the Veteran had blood pressure readings as follows: 118/84 (January 1986); 126/72 (October 1987); and 122/70 (November 1989). To the extent the Veteran had systolic or diastolic readings above normal in-service, a VA examination is warranted to determine if the Veteran’s hypertension had its onset during active duty.

4. Entitlement to service connection for hemorrhoids is remanded.

The Veteran had a VA examination in March 2019 for his hemorrhoid claim. In forming a negative nexus opinion, the examiner noted that the STRs are silent for any treatment for hemorrhoids during active duty service. Simply observing that no record indicating treatment for hemorrhoids is not sufficient for an etiology opinion. 

Moreover, the Board notes that the prior remand specifically directed the examiner to take a detailed history from the Veteran, and “[i]f there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state, with a complete explanation in support of such finding.” The examiner documented that the Veteran’s report of onset of symptoms in 1985, but did not otherwise comment on it. Therefore, a remand is necessary for an examiner to fully and directly address the Veteran’s contention.

Finally, a Stegall remand is appropriate. The examiner was asked to opine as to whether it is at least as likely as not that the Veteran’s hemorrhoid condition: (1) began during active service; or (2) is related to any in-service event or injury. The examiner only answered the second question. There is no opinion provided regarding the onset of hemorrhoids.

The matters are REMANDED for the following action:

1. Provide the Veteran with the appropriate VA examination to determine the nature and etiology of the Veteran’s right and left knee disabilities, to include bilateral patellofemoral pain syndrome, and possibly right knee osteoarthritis. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis.

(a.) The examiner should consider and address the Veteran’s competent statements regarding the onset of knee pain and swelling in 1989, and if there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state.

(b.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s bilateral patellofemoral pain syndrome was incurred in or is otherwise related to service.

(c.) If the Veteran is diagnosed with arthritis of either knee, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s arthritis manifested within one year of active duty service. 

2. Obtain a supplemental opinion from an appropriate VA examiner to determine the etiology of the Veteran’s hemorrhoids. If the examiner determines that he or she cannot respond to the Board’s inquiry as set forth in detail below without examination of the Veteran, the Veteran should be afforded such an examination.

(a.) The examiner should consider and address the Veteran’s competent statements regarding the onset of rectal bleeding in 1985, and if there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state.

(b.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s hemorrhoid condition was incurred in service.

3. Provide the Veteran with the appropriate VA examination to determine the nature and etiology of the Veteran’s hypertension. 

(a.) The examiner must take a detailed history from the Veteran. If there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state, with a complete explanation in support of such a finding.

(b.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s hypertension was incurred in or is otherwise related to active duty service.

The examiner must provide all findings, along with a complete rationale for his or her opinion(s) in the examination report. If the opinion cannot be made without resort to speculation, the examiner must so state and provide a rationale for this conclusion, including an explanation of whether there is any potentially available information that, if obtained, would allow for a non-speculative opinion.

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Smith, Associate Counsel